**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SHARON GRAHAM,

        Plaintiff,

v.                                        CIVIL ACTION NO.  5:07-cv-00816

HOME SWEET HOMES, INC.,

        Defendant.

**MEMORANDUM OPINION**

      Pending before the Court is Defendant's Motion to Conduct Discovery [Docket 13]. Plaintiff originally filed the instant case on December 13, 2007, seeking to confirm an arbitration award.  In Defendant's Response [Docket 5], it alleged that the arbitration award was tainted by "fraud, partiality, a refusal to hear evidence pertinent and material to the controversy, or other misbehavior" and should accordingly be vacated or set aside.  (Docket 5 at 9.) The parties initially filed a joint Motion for Leave to File an Abbreviated Rule 26(f) Report [Docket 8], which Magistrate Judge R. Clarke VanDervort granted by Order [Docket 10] entered March 28, 2008.  In that order, Magistrate Judge VanDervort recognized the possibility that Defendant may seek leave of court to conduct discovery in this case and set a briefing schedule for such a motion to be filed.  (Docket 10 at 5.) The instant motion was timely filed on April 11, 2008.  Before ruling on that motion, the Court raises, sua sponte, the issue of its own jurisdiction.

## I. APPLICABLE LAW

"The existence of subject matter jurisdiction is a threshold issue" which should be addressed before the Court reaches the merits of a case. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The Court may raise the issue of subject matter jurisdiction upon motion of the parties or sua sponte. *Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (a federal court is obligated to dismiss a case if it appears the court lacks subject matter jurisdiction). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). The party seeking to litigate in federal court bears the burden of showing that federal jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In the complaint, Plaintiff alleges that this Court has jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. That section states, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. At first blush, that provision appears to confer jurisdiction, however, the case law states otherwise. "[T]he Federal Arbitration Act does not itself create federal-question jurisdiction." *Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 175 (4th Cir. 2007) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 25 n.32 (1983)). Thus, there must exist an independent basis for jurisdiction before the case may proceed in federal court.

## *II. ANALYSIS*

In Plaintiff's Memorandum in Support of Application to Confirm Arbitrator's Award [Docket 2], which is the initiating document in this case, Plaintiff states that "Jurisdiction and venue in this Court arise under 9 U.S.C. § 9, in that the arbitration was conducted and the award was issued in this District." (Docket 2 at 1.) As the Fourth Circuit has recognized, however, the Federal Arbitration Act does not provide an independent basis for jurisdiction. *See Choice Hotels*, 491 F.3d at 175. Thus, the Court must examine the pleadings for a separate basis for jurisdiction. Neither Plaintiff nor Defendant cites to any other federal statute that may give rise to federal question jurisdiction under 28 U.S.C. § 1331. Moreover, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are not diverse. Plaintiff alleges that she "is a natural person and at all times relevant to this matter resided in Piney View, Raleigh County, West Virginia," and that Defendant "is a West Virginia corporation with its principal place of business located at Charleston, West Virginia." (Docket 2 at 3.) Even if the parties were diverse, however, the Court would still lack jurisdiction because the amount in controversy is $48,775.01, which is far less than the $75,000 requirement.

## *III. CONCLUSION*

For the reasons stated above, the Court **FINDS** that it lacks jurisdiction in this matter. A separate Dismissal Order will enter this day dismissing this case without prejudice.

ENTER:   August 12, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3